**HAYES, Plaintiff-Appellee, v. INDUSTRIAL COMMISSION of OHIO, Defendant-Appellant.**

Ohio Appeals, Second District, Preble County.

No. 111. Decided May 17, 1944.

Paul L. Birt, Dayton, for plaintiff-appellee.

Thomas J. Herbert, Attorney General, Robert E. Hall, Assistant Attorney General, Albertus B. Conn, Assistant Attorney General, Columbus, for defendant-appellant.

## OPINION

By GEIGER, J.

This matter is before this court on an appeal from a judgment of the common pleas court of Preble County, Ohio, from a final entry overruling a motion for a new trial and certifying to The Industrial Commission of Ohio that the finding is in favor of the right of the plaintiff to participate in a State Insurance Fund.

The matter was heard in the agreed absence of a jury by the Court of Common Pleas of Preble County, Ohio, on a petition wherein it is asserted that on the 3rd day of October, 1940, plaintiff was in the employ of Crist & Beatty, performing work on a road and bridge in Preble County, Ohio, said company being a subscriber to the State Insurance Fund; that while going in his automobile on an errand for his foreman, he met with an accident due to the faulty operation of his automobile, and that as a result of said accident, he suffered total disability for many months and continued further partial disability and impairment of his earning capacity; that he duly filed an application for compensation with the Industrial Commission, which application came on for hearing and was denied for the asserted reason that proof did not show the disability to be the result of an injury sustained in the course of and arising out of his employment; that he filed an application for rehearing and testimony was taken and his claim was again denied for the original reason.

The petition alleges that the injuries were sustained in the State of Indiana, and that his contract of employment was made in Preble County, Ohio; that by reason of the injury and resulting disability, he was entitled to participate in the State Insurance Fund, and prays that he be allowed to so participate and be awarded compensation.

An answer was filed admitting certain matters and that the plaintiff had properly proceeded before the Commission. The answer further denied all other allegations and prays that the petition of the plaintiff may be dismissed.

The court of common pleas made a finding of fact upon the issues in favor of the plaintiff and that he is entitled to participate. The Commission filed a motion for a new trial on the grounds that the finding of the court is contrary to law and to the evidence and for other errors apparent from the record. On September 25, 1943, the court of common pleas overruled said motion and certified that the plaintiff was entitled to participate in the insurance fund, and from this final order, the appeal is perfected.

The defendant-appellant filed an assignment of errors to the effect that the finding is contrary to law and against the weight of the evidence.

It appears from the evidence that the plaintiff-appellee was employed by the contractor engaged in constructing a state highway in Preble County, Ohio. There are a number of witnesses, but little conflict in the testimony, and we need give attention only to the evidence of the plaintiff and to that of his foreman, William Reed, under whom the plaintiff was working as a common laborer, being assigned to such work as was incidental to his employment as such.

Proper stipulations were made as to the formal facts and to the effect that the Commission found that the claim should be disallowed for the reason that proof does not show that claimant's disability was the result of an injury sustained in the course of his employment.

The plaintiff testified that he was a laborer engaged in putting water proofing on a bridge under construction, and that his hours of employment were from 6:30 a. m. to 12:30 p. m.; that he was working under Bill Reed, the foreman for Crist & Beatty, and was under said Reed's supervision and control. He states that on the morning in question, he worked for about an hour and that Reed sent him to Fair Haven for some weiners, which he obtained and returning to the point at which men were engaged, they roasted the weiners and the plaintiff again went to work and worked an hour or two, when Reed sent him to Camden for beer, which he secured and started to work again, and that after Mr. Crist, one of the contractors, had left, Reed wanted him to go to Liberty, Indiana, for some gin for him, which the plaintiff got and started back to the point of employment, when the accident occurred. He states that he went to Liberty about 12:30 p. m. Two other workmen went with him in his car to Liberty; that a number of the workmen, including Reed, contributed to the fund necessary to purchase the gin. After the purchase had been made, including gin and sandwiches, he and the men with him ate the sandwiches, but did not drink any of the gin. At a point about a mile west of the

Ohio line, the accident occurred and his car shimmied and turned around, striking a telephone pole, and that the plaintiff was so injured and was unconscious and knew nothing further until he recovered consciousness in the hospital. His right arm and four ribs were broken. He was in the hospital for seven days and afterwards returned and he was off duty for about seven months from October 3, 1940, the date of the accident, to July 3, 1941; that Reed had hired him to work for Crist & Beatty.

William Reed appeared as a witness for the State, and his testimony is somewhat in conflict with the plaintiff's. Reed says that when the plaintiff left the job to go to Liberty to get the gin, it was about 2:00 in the afternoon, and that Hayes' day's work was over, whereas Hayes places the time at about 12:30 p. m., and claims that he was still under employment. Reed states that Hayes' day's employment was completed at 12:00 noon; that he did not send him as his agent to buy the liquor, but that this act on Hayes part was voluntary. Reed testified that the purchase of the liquor and its consumption had nothing to do with the job, and if the boss had known it, they would all have been fired. The other witnesses are corroborative of the trip to Liberty to purchase the gin and the return toward the point where the work was in progress and where the accident happened, resulting in claimant's injury.

While there is some difference in the evidence given by Reed and Hayes as to whether Hayes' day's work was over at the time Hayes started to Liberty and also whether Reed directed him to go there for the purpose of making the purchase, or whether he volunteered to do that service because Reed and the other men wanted some liquor and contributed to its purchase, we are of the opinion that it makes little difference as to whether the trip was undertaken during the hours that Hayes was still on the job or after he had completed his day's work. Hayes was paid fifty cents an hour for the time he actually put in, and it appears that there were no definite hours of work for any one day, but that he was entitled to work forty hours per week at fifty cents an hour.

Reed attempts to justify a custom which was somewhat prevalant of securing food and liquor during working hours for the reason that the men were idle because of the failure of the trucks to haul in sufficient gravel for back filling and that during those idle hours they planned to have the liquor and weiners brought to the place where they had been working.

The court below sustained the claim of the plaintiff and certified that he was entitled to compensation, not on the ground that the going to Liberty and securing the gin was an act incident to his employment, but on the ground that Hayes was under the direction of Reed, the foreman, and was obliged to follow his suggestions as to the securing of the liquor.

The plaintiff claims that it is the duty of the employer to decide whether the doing of any act is directly or indirectly connected with the job on which the laborer is engaged. It is asserted by the plaintiff that the refreshments consisting of weiners, beer and gin or other refreshments, had something to do with the job of road building, and it is contended by the plaintiff that the only time when the courts will inquire into whether an act is for the benefit of the employer, is when the employee was not instructed to do a specific act, and it is maintained that the securing of ale, beer, gin or tobacco may be of an immediate benefit to the employee, and for the ultimate benefit of the employer. Claimant further maintains that while the eating and drinking has nothing to do directly with the job, they have an incidental and indirect bearing on the job.

Counsel for the Commission cite all the cases in which the court has passed upon the question of whether or not the occupation in which the workman is engaged was incidental to his employment. The decisions are to the effect that the injury must arise out of the employment or have a causal relationship with some duty required to be done on behalf of the employer. Counsel for the Commission take the position that the two questions that must be answered in the affirmative before a claimant is entitled to an award are: First, Was he at the time acting within the scope of his employment? Second, Was he injured by reason of such employment?

Counsel for the Commission quote from **Commission v. Weigandt, 102 Oh St 1,** to the effect that the test of the right to award from the Insurance Fund for injury in the course of the employment, is whether or not the employment had some causal connection with the injury, and that the provisions of the Act do not cover an injury which had its cause outside and disconnected with the business in which an injured workman was employed, and they point to the case of **State v. Baker, 130 Oh St 175,** wherein the court holds that to entitle an employee to an award of compensation, it must appear that his injury was accidental and occurred not only in the course of his employment, but resulted from or arose out of the employment. A causal connection between

the employment and the injury must be established. See **Commission v. Ahern, 119 Oh St, 41,** wherein it is held:

"That no custom, rule or regulation adopted by an employer will be permitted to place an employee in his employment, if no employment in fact existed at the time of the injury, or if such custom, rule or regulation materially changes the ordinary and commonly accepted meaning of the phrase 'in the course of employment',"

which phrase connotes all injury sustained in the performance of some required duty done directly or incidentally in the service of the employer, and that where the employee is injured when engaged in the employee's private and personal business disconnected with his employment, he is not entitled to compensation.

We need not labor longer with the question herein. The claimant was employed as a common laborer to work on the construction of a highway for a contractor complying with the State Laws. It is manifest that the trip he made to Liberty to secure liquor, whether voluntary or at the direction of his foreman or whether made during the hours of employment or after the same had terminated for the day, had nothing to do with the construction of the highway. The fact that he was injured while engaged in this expedition will not justify the payment to him of compensation out of a trust fund established for the compensation of legitimately injured workmen. When Hayes was sent on an expedition which he should have known had nothing to do with the progress of the work in which he was engaged, he assumed all the incidental risks. He should have known that the fund could not compensate him for an injury suffered at that time.

Without further elaboration, we are of the opinion that the court below erred in certifying that the plaintiff was entitled to participate in the fund. Judgment of the lower court reversed.

Coming now to the judgment which the trial court should have rendered, we find in favor of the defendant-appellant and direct that a proper entry be drawn and the petition of the plaintiff be dismissed at his cost.

BARNES, P. J. and HORNBECK, J. concur.